IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

DON W. LANE,

              Plaintiff,

    v.

JACOB J. LEW, Secretary of the
Treasury,

             Defendants.

CIVIL ACTION FILE NO.

1:15-CV-01767-WSD-JFK

## ORDER AND NON-FINAL REPORT AND RECOMMENDATION

Plaintiff Don W. Lane filed his original complaint [Doc. 1] in this employment discrimination case on May 18, 2015.  Plaintiff asserts claims against Defendant Jacob J. Lew, Secretary of the Treasury, for race discrimination, sex discrimination, and retaliation pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. § 2000e, *et seq.*  [Doc. 1 ¶¶ 1, 10, 11].  Plaintiff also alleges that Defendant failed to accommodate his disability in violation of the Rehabilitation Act, 29 U.S.C. § 701, *et seq.*  [Id. ¶¶ 1, 48-50].  Finally, Plaintiff alleges in the complaint that he was subjected to unlawful harassment.  [Id. ¶¶ 12, 39].

On November 10, 2015, Defendant filed a motion [Doc. 7] to dismiss Plaintiff's complaint [Doc. 1] pursuant to Federal Rule of Civil Procedure 12(b)(6).  Plaintiff did

not file a response in opposition to the motion.  Instead, on January 11, 2016, Plaintiff filed a motion for leave to file an amended complaint and attached to the motion a proposed amended complaint.  [Doc. 9].  Defendant filed a response in opposition to Plaintiff's motion to amend on January 15, 2016.  [Doc. 10].

Rule 15(a) provides, in pertinent part, "A party may amend its pleading once as a matter of course within:  (A) 21 days after serving it, or (B) . . . 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.  (2) . . .  In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave.  The court should freely give leave when justice so requires."  Fed. R. Civ. P. 15(a)(1), (2) (as amended 2009).  Plaintiff did not file his motion to amend until more than 60 days after Defendant served his motion to dismiss, and Defendant has not consented to Plaintiff's proposed amended complaint.  Therefore, the court's leave is necessary for Plaintiff to file an amended complaint.

## I.     Standard of Review

As noted *supra*, Defendant's motion to dismiss is brought pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted.  On a motion to dismiss, the complaint's factual allegations are assumed true and construed in the light

2

most favorable to the plaintiff.[1] <u>Hardy v. Regions Mortg., Inc.</u>, 449 F.3d 1357, 1359 (11th Cir. 2006); <u>M.T.V. v. DeKalb County School Dist.</u>, 446 F.3d 1153, 1156 (11th Cir. 2006). "However, conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal." <u>Oxford Asset Mgmt., Ltd. v. Jaharis</u>, 297 F.3d 1182, 1188 (11th Cir. 2002) (citations omitted). The Federal Rules of Civil Procedure include no requirement that a plaintiff detail the facts upon which he bases a claim. Rule 8(a)(2) requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (as amended 2007).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" <u>Bell Atlantic Corp. v. Twombly</u>, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted); <u>accord</u> <u>Financial Sec. Assurance, Inc. v. Stephens, Inc.</u>, 500 F.3d 1276, 1282-83 (11th Cir. 2007) (recognizing that "while notice pleading may not require that the pleader allege a specific fact to

---

[1]Exhibits attached to the complaint are considered a part of the pleading. <u>See</u> <u>Hines v. MidFirst Bank</u>, 2013 WL 609401, at *4 (N.D. Ga. January 8, 2013).

3

cover every element or allege with precision each element of a claim, it is still necessary that a complaint contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory") (citations and internal quotation marks omitted). "Factual allegations must be enough to raise a right to relief above the speculative level," i.e., they must do more than merely create a "'suspicion [of] a legally cognizable right of action,' on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Twombly, 127 S. Ct. at 1965 (citations omitted) (emphasis omitted). "Stated differently, the factual allegations in a complaint must 'possess enough heft' to set forth 'a plausible entitlement to relief[.]'" Stephens, 500 F.3d at 1282 (quoting Twombly, 127 S. Ct. at 1966-67). A plaintiff's complaint will be dismissed if it does not contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citation omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

The court's inquiry at this stage of the proceedings focuses on whether the challenged pleadings "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007)

4

(citations and internal quotation marks omitted).  And, a court reviewing a motion to dismiss must keep in mind that a "motion to dismiss for failure to state a claim upon which relief can be granted merely tests the sufficiency of the complaint; it does not decide the merits of the case." Wein v. American Huts, Inc., 313 F. Supp. 2d 1356, 1359 (S.D. Fla. 2004) (citing Milburn v. United States, 734 F.2d 762, 765 (11th Cir. 1984)).  "Regardless of the alleged facts, however, a court may dismiss a complaint on a dispositive issue of law." Bernard v. Calejo, 17 F. Supp. 2d 1311, 1314 (S.D. Fla. 1998) (citing Marshall County Bd. of Educ. v. Marshall County Gas Dist., 992 F.2d 1171, 1174 (11th Cir. 1993) ("[T]he court may dismiss a complaint . . . when, on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action.")); see also Glover v. Liggett Group, Inc., 459 F.3d 1304, 1308 (11th Cir. 2006) (same); Aque v. Home Depot U.S.A., Inc., 629 F. Supp. 2d 1336, 1350 (N.D. Ga. 2009).

The law establishes that "[a] document filed *pro se* is 'to be liberally construed' . . . and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers[.]'" Erickson, 127 S. Ct. at 2200 (citations omitted).  Nevertheless, nothing in that leniency excuses a plaintiff from compliance with threshold requirements of the Federal Rules of Civil Procedure.

AO 72A
(Rev.8/82)

"Even though a *pro se* complaint should be construed liberally, a *pro se* complaint still must state a claim upon which the Court can grant relief." Grigsby v. Thomas, 506 F. Supp. 2d 26, 28 (D. D.C. 2007).

The court will apply these standards in ruling on the motion to dismiss the complaint.

## II.    Discussion

The court notes initially that Plaintiff Lane's complaint [Doc. 1] is a typical "shotgun" pleading which the Eleventh Circuit admonishes litigants for filing. See Bailey v. Janssen Pharmaceutica, Inc., 288 Fed. Appx. 597, 602-03 (11th Cir. 2008) (citations omitted). Although Plaintiff has asserted claims for retaliation, harassment, failure to accommodate his disability, and discrimination based on race and sex, "it is virtually impossible to know which allegations of fact are intended to support which claim(s) for relief." Anderson v. Dist. Bd. of Trustees of Central Florida Cmty. Coll., 77 F.3d 364, 366 (11th Cir. 1996). Plaintiff's complaint is a confusing mix of vague assertions and conclusory allegations that does not give Defendant or the court fair notice of what claims he is asserting and the grounds upon which they rest. See Erickson, 127 S. Ct. at 2200. Plaintiff's complaint was also "framed in complete disregard of the principle that separate, discrete causes of action should be plead [sic]

6

in separate counts. . . ." <u>Cesnik v. Edgewood Baptist Church</u>, 88 F.3d 902, 905 (11th Cir. 1996).

In a section of the complaint titled "Factual Allegations," Plaintiff alleges, "The agency has discriminated against me on the bases of my race, black and my sex, male. . . . The agency has retaliated against me. . . . The agency has harassed me." [Doc. 1 at 5]. Plaintiff then goes on to describe various events that took place from June 2013 through January 2014. [<u>Id.</u> at 6-15]. Plaintiff asserts that "agency management official(s)" took actions such as changing his timesheet, refusing to grant him "reasonable official time," issuing unwarranted memoranda, and making various requests. [<u>Id.</u> at 6-15]. However, Plaintiff does not specify what employment actions were allegedly retaliatory or taken on the basis of his race or sex. [<u>Id.</u>]. Plaintiff also fails to specify whether the alleged harassment was based on his race or sex or in retaliation for statutorily protected activity. [<u>Id.</u>].

In the same "Factual Allegations" section of his complaint, Plaintiff makes a number of vague and conclusory legal assertions such as, "The agency management official(s) intentionally put the plaintiff under extraordinary scrutiny as compared to other similarly situated employees." [Doc. 1 at 12-13]. But Plaintiff does not identify any other similarly situated comparators outside of any of his protected classes or

7

specify how they were treated more favorably. [Id.]. Plaintiff's complaint also includes vague assertions regarding Defendant's alleged refusal to "make a common sense reasonable accommodation for plaintiff's disability of hearing loss." [Id. at 14]. However, Plaintiff fails to identify facts supporting his reasonable accommodation claim other than asserting that an unidentified female "publicly question[ed] plaintiff" and alleged that he "created a disturbance" at an unspecified time. [Id. at 13-14]. In summary, the vague allegations mixed with legal conclusions make it impossible for the court to determine what claims Plaintiff is attempting to assert and what specific factual allegations support each claim. Because Plaintiff's complaint fails to state a claim upon which relief can be granted, Defendant's motion [Doc. 7] to dismiss is due to be granted. However, the undersigned finds that the dismissal of Plaintiff's complaint should be without prejudice and that Plaintiff should be given leave to file a repleader.

"When faced with a shotgun pleading, the trial court, whether or not requested to do so by the party's adversary, ought to require the party to file a repleader." United States ex rel. Atkins v. McInteer, 470 F.3d 1350, 1354 n.6 (11th Cir. 2006). One of the reasons for requiring a more definite statement or repleader is to ensure compliance with Federal Rules of Civil Procedure 8 and 10. As noted *supra*, Rule 8(a)(2) requires

a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (as amended 2007). And Rule 10(b) provides, in pertinent part, that "[a] party must state its claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances. . . . If doing so would promote clarity, each claim founded on a separate transaction or occurrence . . . must be stated in a separate count. . . ." Fed. R. Civ. P. 10(b) (as amended 2007). In Davis v. Coca-Cola Bottling Co. Consolidated, 516 F.3d 955 (11th Cir. 2008), the Eleventh Circuit stated:

> These rules work together to require the pleader to present his claims discretely and succinctly, so that his adversary can discern what he is claiming and frame a responsive pleading, the court can determine which facts support which claims and whether the plaintiff has stated any claims upon which relief can be granted, and, at trial, the court can determine that evidence which is relevant and that which is not.

Id. at 980 n.57 (citation and internal quotation marks citation omitted).

The allegations in Plaintiff's complaint [Doc. 1] do not come close to satisfying either Rule 8 or 10. And, although Plaintiff has filed a motion [Doc. 9] for leave to amend the complaint, the proposed amended complaint does not cure the numerous deficiencies found in the original complaint. [Id.]. As Defendant notes, Plaintiff, for the most part, has simply added the following conclusory language to approximately

9

29 paragraphs: "to intentionally discriminate against, retaliate against and harass Plaintiff for engaging in protected equal employment opportunity activity that was known to the agency management official(s)." [Doc. 9 at 6-20]. Plaintiff's proposed amended complaint does not comply with the Federal Rules of Civil Procedure. As a result, his motion [Doc. 9] to amend the complaint must be denied.

In <u>Spear v. Nix</u>, 215 Fed. Appx. 896 (11th Cir. 2007), the Eleventh Circuit concluded that when a plaintiff is proceeding *pro se* and "'[w]here a more carefully drafted complaint might state a claim, a plaintiff must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice.'" <u>Id.</u> at 902 (citation omitted); <u>accord</u> <u>Case v. Riley</u>, 270 Fed. Appx. 908, 910-11 (11th Cir. 2008); <u>Bryant v. Dupree</u>, 252 F.3d 1161, 1163 (11th Cir. 2001) ("Generally, [w]here a more carefully drafted complaint might state a claim, a plaintiff must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice.") (citation and internal quotation marks omitted); <u>Canty v. Fry's Electronics, Inc.</u>, 736 F. Supp. 2d 1352, 1363 (N.D. Ga. 2010). In the present case, the court cannot determine at this stage of the proceedings that Plaintiff could not draft a complaint stating a claim for relief under Title VII and the Rehabilitation Act. Therefore, the undersigned finds that Plaintiff should be afforded the opportunity to

10

file an amended complaint. If the district court adopts the undersigned's recommendation and grants Plaintiff leave to file an amended complaint and Plaintiff fails to do so within the time prescribed by the court, it is recommended that this action be dismissed with prejudice at that time. See Duckworth v. Symon Says Enterprises, Inc., 2014 WL 495389, at *4 (M.D. Fla. February 6, 2014) (granting the defendant's Rule 12(b)(6) motion to dismiss and dismissing the plaintiff's claims, including her FMLA claim, without prejudice with leave to file an amended complaint within two weeks); Buckley v. Bayrock Mortg. Corp., 2010 WL 476673, at **9-10 (N.D. Ga. February 5, 2010) (granting defendant's Rule 12(b)(6) motion and dismissing plaintiff's complaint without prejudice with leave to file a properly amended complaint and holding that if plaintiff failed to file such a complaint, the court would dismiss the action with prejudice); Taylor v. Alvarez, 2008 WL 1840719, at *5 (S.D. Fla. April 21, 2008) (dismissing plaintiff's complaint without prejudice on defendants' motion to dismiss, giving plaintiff approximately three weeks to file an amended complaint, and holding that if plaintiff failed to do so, the court would dismiss the case with prejudice); Holmes v. City of East Point, 2005 WL 3478375, at *5 (N.D. Ga. December 20, 2005) (dismissing plaintiff's claims without prejudice and, although not obligated to do so, *sua sponte* permitting plaintiff to file an amended complaint within

11

thirty days and holding that if plaintiff failed to do so, the court would dismiss plaintiff's claims with prejudice).

Plaintiff is advised that the amended complaint shall supersede and replace his original complaint filed in this action. The substituted amended complaint filed by Plaintiff must: delete all vague and conclusory assertions and all allegations not relevant to his causes of actions; plead each separate theory of recovery in a separate numbered count; and make a short and plain statement of the factual allegations supporting each specifically pleaded cause of action. As discussed *supra*, the Federal Rules of Civil Procedure require that each claim be presented in a separate numbered paragraph, "each limited as far as practicable to a single set of circumstances" and that "each claim founded on a separate transaction or occurrence . . . must be stated in a separate count." Fed. R. Civ. P. 10(b) (as amended 2007). Moreover, each claim in Plaintiff's substituted amended complaint should clearly identify the specific facts supporting that claim.[2] See Anderson, 77 F.3d at 366 (stating that multiple claims

---

[2]The court also notes that Defendant argues in his motion to dismiss that Plaintiff's sex discrimination claim and his failure to accommodate claim should be dismissed on the merits because there is no evidence that he administratively exhausted such claims. [Doc. 7 at 19-22]. "Before filing suit under Title VII, the ADA, or the ADEA, a plaintiff must exhaust the available administrative remedies by filing a charge with the EEOC." Anderson v. Embarq/Sprint, 379 Fed. Appx. 924, 926 (11th Cir. 2010) (citing 42 U.S.C. § 2000e-5(e)(1); 42 U.S.C. § 12117(a); 29 U.S.C. §

12

should be presented separately in adherence to Fed. R. Civ. P. 10(b) "and with such clarity and precision that the defendant will be able to discern what the plaintiff is claiming and to frame a responsive pleading").

## III.   Conclusion

For the foregoing reasons and cited authority, the undersigned **RECOMMENDS** that Defendant's Rule 12(b)(6) motion [Doc. 7] to dismiss the complaint be **GRANTED**, that Plaintiff's complaint [Doc. 1] be **DISMISSED WITHOUT PREJUDICE,** and that Plaintiff be granted leave to file a substituted amended complaint. The court **ORDERS** that Plaintiff's motion [Doc. 9] to amend the complaint be **DENIED**.

---

626(d)).  A federal employee must exhaust all of his administrative remedies before litigating discrimination claims in federal court.  See Brown v. General Servs. Admin., 96 S. Ct. 1961, 1967-68 (1976); Brown v. Snow, 440 F.3d 1259, 1262 (11th Cir. 2006). The administration exhaustion requirement includes 29 C.F.R. § 1614.105(a)(1), which states that federal employees "who believe they have been discriminated against on the basis of race, color, religion, sex, national origin, age or handicap . . . must initiate contact with [an EEO] Counselor within 45 days of the date of the matter alleged to be discriminatory or, in the case of personnel action, within 45 days of the effective date of the action."  29 C.F.R. § 1614.105(a)(1); accord Foxx v. Dalton, 46 F. Supp. 2d 1268, 1274 (M.D. Fla. 1999).  If Plaintiff chooses to reassert in his amended complaint his claims for sex discrimination and failure to accommodate, he should provide supporting documentation showing that he has exhausted his administrative remedies for these claims.

13

If the district court adopts this report and recommendation, it is **RECOMMENDED** that Plaintiff be given leave to file a substituted amended complaint that complies with the Federal Rules of Civil Procedure within twenty-one (21) days of the district court's order. If Plaintiff fails to file a substituted amended complaint by that time, the undersigned **RECOMMENDS** that this action then be dismissed with prejudice.

**SO ORDERED AND RECOMMENDED**, this 13th day of April, 2016.

JANET F. KING
UNITED STATES MAGISTRATE JUDGE

14