IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

DON W. LANE,

      Plaintiff,

v.                                  1:15-cv-1767-WSD-JFK

JACOB J. LEW, Secretary of the Treasury,

      Defendant.

**OPINION AND ORDER**

This matter is before the Court on Magistrate Judge Janet F. King's Non-Final Report and Recommendation [11] ("R&R"), recommending that Defendant Secretary of the Treasury Jacob J. Lew's ("Defendant") Motion to Dismiss Plaintiff's Complaint [7] ("Motion to Dismiss") be granted, that Plaintiff Don W. Lane's ("Plaintiff") Complaint [1] be dismissed without prejudice, and that Plaintiff be granted leave to file an amended complaint.

**I.    BACKGROUND**

Plaintiff, a black male with hearing difficulties, is an employee at the Department of the Treasury. (Compl. ¶¶ 4, 49). He asserts that, between June 2013, and January 2014, "agency management official(s)" mistreated him in several ways, including by changing his timesheet, refusing to grant him

"reasonable official time," issuing unwarranted memoranda against him, requesting medical documentation, requesting that Plaintiff change his tour of duty, failing to provide Plaintiff with his annual performance review or with his "SETR Time and Attendance records," selectively enforcing rules against Plaintiff, and impermissibly using certain data reports to "creat[e] performance and conduct issues against plaintiff."  (Id. at 6-15).

On May 18, 2015, Plaintiff, proceeding *pro se*, filed his Complaint, asserting claims under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq., for race discrimination, sex discrimination, and retaliation. (Compl. ¶¶ 1, 10-11).  Plaintiff also asserts claims for unlawful harassment and, under the Rehabilitation Act of 1973, as amended, 29 U.S.C. § 701, et seq., for Defendant's failure to accommodate his disability.  (Compl. ¶¶ 1, 12, 39, 48-50). On November 10, 2015, Defendant filed his Motion to Dismiss, arguing that Plaintiff's Complaint fails to state a claim on which relief can be granted.  Plaintiff did not file a response, and Defendant's motion is thus deemed unopposed.  See LR 7.1(B), NDGa.  On January 11, 2016, Plaintiff filed his motion for leave to file an amended complaint [9] ("Motion to Amend").  On January 15, 2016, Defendant filed his Response in Opposition to Plaintiff's Motion to Amend [10].

On April 13, 2016, the Magistrate Judge issued her R&R, recommending

that Defendant's Motion to Dismiss be granted because Plaintiff's Complaint violates Rules 8(a)(2) and 10(b) of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 8(a)(2), 10(b).  The Magistrate Judge found that Plaintiff's "vague allegations mixed with legal conclusions make it impossible for the court to determine what claims Plaintiff is attempting to assert and what specific factual allegations support each claim."  (R&R at 8).  The Magistrate Judge denied Plaintiff's Motion to Amend, finding that the proposed amended complaint "does not cure the numerous deficiencies found in the original complaint."  (Id. at 9). The Magistrate Judge recommends that Plaintiff be given leave to file, within twenty-one (21) days, an amended complaint that complies with the Federal Rules of Civil Procedure.

**II.   DISCUSSION**

   A.   Legal Standard

      1.   Motion to Dismiss

On a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court must "assume that the factual allegations in the complaint are true and give the plaintiff[] the benefit of reasonable factual inferences."  Wooten v. Quicken Loans, Inc., 626 F.3d 1187, 1196 (11th Cir. 2010).  Although reasonable inferences are made in the plaintiff's favor,

"'unwarranted deductions of fact' are not admitted as true." Aldana v. Del Monte Fresh Produce, N.A., 416 F.3d 1242, 1248 (11th Cir. 2005) (quoting S. Fla. Water Mgmt. Dist. v. Montalvo, 84 F.3d 402, 408 n.10 (11th Cir. 1996)). The Court is not required to accept as true conclusory allegations or legal conclusions. See Am. Dental Ass'n v. Cigna Corp., 605 F.3d 1283, 1290 (11th Cir. 2010) (construing Ashcroft v. Iqbal, 556 U.S. 662 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007)); see Jackson v. BellSouth Telecomms., 372 F.3d 1250, 1263 (11th Cir. 2004) ("[C]onclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal." (quoting Oxford Asset Mgmt., Ltd. v. Jaharis, 297 F.3d 1182, 1188 (11th Cir. 2002) (internal quotation marks omitted))).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). Mere "labels and conclusions" are insufficient. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556). This requires more than

the "mere possibility of misconduct." Am. Dental, 605 F.3d at 1290 (quoting Iqbal, 556 U.S. at 679). The well-pled allegations must "nudge[] [plaintiff's] claims across the line from conceivable to plausible." Id. at 1289 (quoting Twombly, 550 U.S. at 570).

Complaints filed *pro se* must be construed liberally and are "held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976) (internal quotation marks omitted)). Nevertheless, "a *pro se* complaint still must state a claim upon which the Court can grant relief." Grigsby v. Thomas, 506 F. Supp. 2d 26, 28 (D.D.C. 2007). "[A] district court does not have license to rewrite a deficient pleading." Osahar v. U.S. Postal Serv., 297 F. App'x 863, 864 (11th Cir. 2008).

### 2. Report and Recommendation

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1); Williams v. Wainwright, 681 F.2d 732 (11th Cir. 1982), cert. denied, 459 U.S. 1112 (1983). A district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which

objection is made." 28 U.S.C. § 636(b)(1). With respect to those findings and recommendations to which objections have not been asserted, the Court must conduct a plain error review of the record. United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983), cert. denied, 464 U.S. 1050 (1984). The parties did not file objections to the R&R, and the Court thus reviews it for plain error.

B.   Analysis

Plaintiff asserts claims for retaliation, harassment, sex discrimination, racial discrimination, and failure to accommodate his disability. To support these claims, he describes several employment actions taken against him, by "agency management official(s)," between June 2013, and January 2014. (Compl. at 6-15). Plaintiff does not, however, specify which employment actions were retaliatory, which were taken on the basis of race or sex, and whether the alleged harassment was based on race or sex or in retaliation for statutorily protected activity.

Plaintiff's Complaint is littered with vague and conclusory assertions. He alleges that "agency management official(s) intentionally put the plaintiff under extraordinary scrutiny as compared to other similarly situated employees." (Id. ¶ 44). He does not identify similarly situated comparators outside of his protected classes, or specify how they were treated more favorably. Plaintiff further alleges that Defendant refuses to "make a common sense reasonable

accommodation for plaintiff's disability of hearing loss." (Id. ¶ 49). Again, he fails to assert adequate supporting facts, stating only that "agency management official(s) claimed on a few occasions to be able to determine the level of plaintiff's hearing disability" and that a "first level manager" accused him of creating a "'disturbance' when he asked the management official to repeat what she was saying and/or to speak up." (Id. ¶¶ 48-50).

The Magistrate Judge found that Plaintiff's Complaint is a classic "'shotgun' pleading," that "it is virtually impossible to know which allegations of fact are intended to support which claim(s) for relief," that the Complaint is "framed in complete disregard of the principle that separate, discrete causes of action should be plead[ed] in separate counts," and that the Complaint thus violates Rules 8 and 10 of the Federal Rules of Civil Procedure. (R&R at 6-7, 9).[1] The Court finds no plain error in these findings.

"[W]here a more carefully drafted complaint might state a claim, a [*pro se*] plaintiff must be given at least one chance to amend the complaint before the

---

[1] Rule 8 requires complaints to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 10 provides that "[a] party must state its claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances. . . . If doing so would promote clarity, each claim founded on a separate transaction or occurrence . . . must be stated in a separate count." Id. 10(b).

district court dismisses the action with prejudice.'"  Spear v. Nix, 215 Fed. App'x. 896, 902 (11th Cir. 2007) (quoting Bank v. Pitt, 928 F.2d 1108, 1112 (11th Cir. 1991)); Case v. Riley, 270 Fed. App'x. 908, 910 & n.5 (11th Cir. 2008).  Finding that Plaintiff may be able to state a claim for relief, the Magistrate Judge recommends, and the Court agrees, that Plaintiff should be granted leave to file an amended complaint that complies with the Federal Rules of Civil Procedure.  (See R&R at 10-11).  In drafting his amended complaint, Plaintiff should follow carefully the instructions given in the R&R.  (See id. at 12-13).  Failure to do so could result in the dismissal of this action.

### III. CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Judge Janet F. King's Non-Final Report and Recommendation [11] is **ADOPTED**.

**IT IS FURTHER ORDERED** that Defendant Secretary of the Treasury Jacob J. Lew's Motion to Dismiss Plaintiff's Complaint [7] is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff Don W. Lane's Complaint [1] is **DISMISSED WITHOUT PREJUDICE**.  Plaintiff is permitted to file, on or

before July 5, 2016, an amended complaint that complies with the Federal Rules of Civil Procedure. Plaintiff is warned that, should he fail to file an amended complaint as described, this action may be dismissed.

**SO ORDERED** this 14th day of June, 2016.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE